Dear Judge Berman,

The undersigned are victims of state-sponsored terrorism and stakeholders in the United States Victims of State Sponsored Terrorism Fund (USVSST Fund). We write to express our grave concern regarding the proposed Deferred Prosecution Agreement (DPA), specifically the omission of any financial penalty against Halkbank.

1. Deterrence and National Security Accountability
A core component of U.S. national security is the integrity of our sanctions regime. When a financial institution facilitates the transfer of $20 billion in restricted funds for a state sponsor of terrorism, the absence of a substantial fine undermines the deterrent effect of U.S. law. Failing to hold such an entity financially accountable signals to other global actors that sanctions evasion may be resolved through diplomatic maneuvering rather than strict legal consequences. This creates a "moral hazard"; that weakens the very national security interests the government claims to protect.

2. Financial Accountability as a Tool of Justice
Under 34 U.S.C. § 20144, Congress mandated that criminal fines from such prosecutions serve two purposes: punishing the wrongdoer and providing restitution to victims. By waiving these fines, the government is essentially redirecting resources that were statutorily intended for the victims of the very terrorism the sanctions were designed to thwart. We argue that national security is not served when the executive branch unilaterally compromises the financial mechanisms established by Congress to support victims and penalize state-sponsored actors.

3. Inconsistency with Prior Enforcement
The scale of the alleged conduct in this case—billions of dollars laundered for the Iranian regime—has historically resulted in multi-billion dollar penalties for other institutions. A &quot;no-fine&quot; resolution for an entity that spent years fighting the jurisdiction of this Court is an extraordinary departure from established justice standards.

We respectfully ask the Court to demand a more rigorous explanation for why a financial penalty was deemed unnecessary. At the hearing on March 11, we urge the Court to consider whether a resolution that lacks financial accountability can truly be said to serve the "best interests of the United States".

Respectfully,

Please see attached for signatures of victims and pdf file for docketing

*American Victims of State-sponsored Terrorism United*

Received + docketed

SO ORDERED:
Date: 3/10/26
Richard M. Berman, U.S.D.J.